UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS ANTHONY JONES,

        Petitioner,

                                  CASE NO. 07-CV-10917
v.                                HONORABLE JOHN CORBETT O'MEARA

THOMAS BIRKETT,

        Respondent.
_____/

### ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I. Introduction

Douglas Anthony Jones ("Petitioner"), a Michigan prisoner, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner was convicted of second-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Calhoun County Circuit Court in 1993. He was sentenced to consecutive terms of 20 t0 30 years imprisonment and two years imprisonment. In his pleadings, he raises claims of prosecutorial misconduct and ineffective assistance of defense counsel. This matter is before the Court on Respondent's motion to dismiss the petition as untimely. For the reasons set forth, the Court agrees with Respondent and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

1

## II. Facts and Procedural History

As noted, Petitioner was convicted of second-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Calhoun County Circuit Court in 1993. He was sentenced to consecutive terms of 20 t0 30 years imprisonment and two years imprisonment on those convictions. Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions. *People v. Jones*, No. 161982 (Mich. Ct. App. March 8, 1996) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Jones*, 453 Mich. 958, 564 N.W.2d 889 (Nov. 22, 1996).

In May, 2005, Petitioner filed a motion for relief from judgment (entitled a "Motion to Dismiss on Grounds of Prosecutorial Misconduct and Constitutional/Judicial Estoppel") with the state trial court, which was denied on September 16, 2005. Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Jones*, No. 265615 (Mich. Ct. App. April 21, 2006) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Jones*, 477 Mich. 908, 722 N.W.2d 841 (Oct. 31. 2006).

Petitioner dated his habeas petition on February 26, 2007. Respondent filed the instant motion on September 10, 2007, asserting that the petition should be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has not filed a reply to that motion.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied Petitioner's direct appeal on November 22, 1996. Petitioner then had 90 days in which to file a petition for writ of certiorari with the United States

Supreme Court. *See* Rule 31(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on February 20, 1997. Accordingly, Petitioner was required to file his habeas petition on or before February 20, 1998, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment (entitled a motion to dismiss) until 2005. Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner has neither alleged nor established that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-discovered facts or newly-recognized constitutional rights which have been given retroactive effect. His habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to

determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth circumstances which caused him to institute his state court collateral proceedings and his federal habeas action well after the expiration of the one-year limitations period. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has also not shown diligence in seeking habeas relief given that he filed his state court motion for relief from judgment eight years after the

completion of his direct appeals. Petitioner is not entitled to equitable tolling under *Dunlap* given such circumstances.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Knickerbocker v. Wolfenbarger,* 212 Fed. Appx. 426 (6th Cir. 2007). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, _ U.S. _, 126 S. Ct. 2064, 2077 (2006) (reiterating that a federal habeas court must consider all the evidence, new and old, exculpatory and inculpatory, in determining an actual innocence exception to a procedural bar). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 126 S. Ct. at 2077. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

## IV. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition. Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case and any appeal would be frivolous. *See* Fed.

R. App. P. 24(a). Accordingly, the Court **DENIES** a certificate of appealability and **DENIES** leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**.

                                             s/John Corbett O'Meara
                                             United States District Judge

Dated: October 12, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 12, 2007, by electronic and/or ordinary mail.

                                             s/William Barkholz
                                             Case Manager